UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                                      :

DANIEL BERMAN,                                                  :

                                                      Plaintiff,      :        1:14-cv-523-GHW-SN

                                                                      :

                                  -v -                                  :        <u>OPINION AND ORDER</u>

NEO@OGILVY LLC and                              :
WPP GROUP USA INC.                              :

                                            Defendant.    :
------------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/5/14

GREGORY H. WOODS, District Judge:

       The Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010 (the "Act") defines a "whistleblower" as "any individual who provides, or 2 or more individuals acting jointly who provide, information relating to a violation of the securities laws *to the Commission*, in a manner established, by rule or regulation, by the Commission." 15 U.S.C. § 78u-6(a) (emphasis added). Daniel Berman, the plaintiff in this action, did not provide information to the Commission. Yet he brings this action under a provision of the Act that prohibits discrimination against "a whistleblower." The case raises the question of whether a person who has not provided information to the Commission can bring an action under the whistleblower protection provisions of the Act. Because the language of the statute unambiguously requires that a person provide information to the Commission in order to qualify as a whistleblower under the Act, the Court holds that plaintiff is not a whistleblower and that his suit must be dismissed.

**I.      BACKGROUND**

       Judge Sarah Netburn issued a Report and Recommendation to the Court regarding defendants' motion to dismiss on August 15, 2014 (the "Report"). Readers are referred to the Report for a comprehensive review of the facts relevant to the motion to dismiss and the procedural

history of the case. For purposes of this decision, only a bare outline of the facts should suffice.

Plaintiff alleges that he reported to his employer a number of transactions that he reasonably believed to be violations of "policy, law, and GAAP," "WPP policies," and "Sarbanes-Oxley, Dodd-Frank and U.S. Securities Laws." Report at 2. Plaintiff claims that defendants fired him after he made his concerns known to them. *Id.* at 5. Plaintiff did not report any of his concerns to the Securities and Exchange Commission (the "Commission") before defendants took the actions that plaintiff claims were retaliatory. *Id.* at 2-6.

Plaintiff filed this action on January 28, 2014, claiming that his employers' actions in response to his reporting violated the whistleblower protection provisions of the Act. He also asserted that defendants breached express and implied employment contracts. Defendants moved to dismiss all of plaintiff's claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure. In their motion, defendants argued that plaintiff was not a whistleblower under Dodd-Frank at the time of the alleged retaliation because he had not reported any violations to the Commission. Defendants' Motion to Dismiss at 13-17. They also contended that plaintiff did not have a reasonable belief that any of the alleged violations constituted securities law violations, and that he failed to state a claim for breach of an express or implied contract. *Id.* at 17-26.

Judge Lewis Kaplan referred the motion to dismiss to Magistrate Judge Sarah Netburn, and on August 15, 2014, Judge Netburn issued the Report. Following a line of cases in this District, the Report accepted plaintiff's contention that he qualifies as a whistleblower who can benefit from the anti-retaliation provisions of the Act. Report at 15. Nonetheless, the Report recommended that defendants' motion to dismiss be granted because plaintiff did not adequately allege that he reasonably believed that he was reporting violations of the law. *Id.* at 21-22. The Report also recommended dismissal of plaintiff's breach of express and implied employment contracts allegations for failure to state a claim. *Id.* at 24. However, Judge Netburn recommended that

2

plaintiff be granted leave to amend the retaliation claim in his Complaint. *Id.*

Defendants filed a timely objection to the Report. Defendants' Objection ("Objection"), Dkt. 28. Among other arguments, they objected to Section III(A) of the Report, which concluded that plaintiff qualified as a "whistleblower" under the Act despite the fact that he did not report any information to the Commission prior to the alleged retaliatory acts. *Id.* at 15-16. Defendants argued that this element of the Report ignored the plain language of the Act. They urged that, rather than adopting the reasoning of the Report, the Court should adopt the holding of the only court of appeals to consider this question—the Fifth Circuit's decision in *Asadi v. G.E. Energy (USA), L.L.C.*, 720 F.3d 620 (5th Cir. 2013).

## II. DISCUSSION

### A. Standard of Review

In reviewing a Report and Recommendation, a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed.R.Civ.P. 72(b)(3). To trigger de novo review, a party's objections to the report must be "specific and clearly aimed at particular findings" in the report. *Molefe v. KIM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009) (citation omitted). To accept those portions of the report to which no objection has been made, or where a "party makes only conclusory or general objections, or simply reiterates his original arguments," a district court reviews the report "only for clear error." *Silva v. Peninsula Hotel,* 509 F. Supp. 2d 364, 366 (S.D.N.Y. 2007) (internal citation and quotations omitted). After conducting the appropriate review, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### B. "Whistleblower" Protection under the Act

Section 902 of the Act, codified at 15 U.S.C. § 78u-6, is aptly titled "Securities

3

whistleblowers incentives and protection." In passing the Act, Congress sought to encourage employees to report information related to potential violations of the securities laws to the Commission. *See, e.g.*, S.Rep. No. 111–176, 110. The Act does so in two principal ways. First, it authorizes the Commission to pay monetary awards to whistleblowers whose reporting leads to a successful enforcement action. 15 U.S.C. § 78u-6(b). Second, the Act creates a private cause of action for whistleblowers whose employers retaliate against them for taking certain protected actions. 15 U.S.C. § 78u-6(h). Both the financial bounty and the anti-retaliation provisions of the Act are available only to "whistleblowers." 15 U.S.C. § 78u-6(b)(1), 15 U.S.C. § 78u-6(h)(1)(A).

The Act defines a "whistleblower" as "any individual who provides, or 2 or more individuals acting jointly who provide, information relating to a violation of the securities laws *to the Commission*, in a manner established, by rule or regulation, by the Commission." 15 U.S.C. § 78u-6(a) (emphasis added). The definition unambiguously provides that, in order to qualify as a whistleblower, an individual must report information to the Commission. This certainly makes sense in the context of the financial bounty provisions of the Act—it is hard to imagine how the Commission would pay a financial award to a whistleblower who never reported information to the Commission. The same defined term is used in the anti-retaliation provisions of the Act. Applying the standard canons of statutory construction, one would expect that the defined term would have the same meaning in the anti-retaliation provisions of the Act as it does elsewhere in the statute. *See, e.g.*, *United States v. Pornes-Garcia*, 171 F.3d 142, 147 (2d Cir. 1999) ("Normally, the same term appearing in different portions of a single act is taken to have the same meaning in each appearance . . . ."). Plaintiff disagrees.

Plaintiff bases his argument on a purported contradiction in the language of the Act. Plaintiff points to Section (h) of the Act, entitled "Protection of whistleblowers." That section provides that no employer may retaliate against a "whistleblower" because of any lawful act done by

4

the "whistleblower"—

> (i) in providing information to the Commission in accordance with this section;
>
> (ii) in initiating, testifying in, or assisting in any investigation or judicial or administrative action of the Commission based upon or related to such information; or
>
> (iii) in making disclosures that are required or protected under the Sarbanes-Oxley Act of 2002 (15 U.S.C. 7201 et seq.), this chapter, including section 78j–1 (m) of this title, section 1513 (e) of title 18, and any other law, rule, or regulation subject to the jurisdiction of the Commission.

15 U.S.C. § 78u-6(h)(1)(A). The last clause includes disclosures to people with supervisory authority over the employee. 18 U.S.C. § 1514A(a)(1)(C). Plaintiff argues that because the category of conduct protected under Section 78u-6(h)(1)(A)(iii) includes disclosures to people other than the Commission, the definition of the term "whistleblower" must be too narrow: after all, how could the definition of a whistleblower be limited to people who report to the Commission, when the statute protects against retaliation for disclosures to the whistleblower's employer? Without an answer to this question, plaintiff argues, the statute appears contradictory and, therefore, ambiguous.

The next step in plaintiff's argument is that because the statute is ambiguous, the Court must defer to the Commission's interpretation of the statute, pursuant to the Supreme Court's seminal decision in *Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837 (1984). *Id.* at 19. In regulations adopted in 2011, the Commission interpreted the term "whistleblower" under Section 78u-6 for anti-retaliation purposes to include people who reported securities violations internally to their supervisors. 17 C.F.R. § 240.21F-2(b)(1). Section (b) of the regulation, entitled "Prohibition against retaliation," states that an individual is a whistleblower for purposes of the anti-retaliation provisions afforded by Section 78u-6(h)(1) if that individual reasonably believes that he is providing information relating to a possible securities law violation and if he "provide[s] that information in a manner described in . . . (15 U.S.C. 78u-6(h)(1)(A))." *Id.*

The Report followed this line of reasoning in reaching its conclusion, and not without ample

5

support. A number of district courts have adopted the view that, despite the clear statutory language of the definition of the term "whistleblower," it was appropriate to craft a "narrow exception" to the definition of a whistleblower in Section 78u-6(a) of the Act. *See, e.g.*, *Egan v. TradingScreen, Inc.*, No. 10 Civ. 8202, 2011 WL 1672066, at *5 (S.D.N.Y. May 4, 2011) ("The contradictory provisions of the Dodd–Frank Act are best harmonized by reading 15 U.S.C. § 78u6(h)(1)(A)(iii)'s protection of certain whistleblower disclosures not requiring reporting to the SEC as a narrow exception to 15 U.S.C. § 78u–6(a) (6)'s definition of a whistleblower as one who reports to the SEC."). Other courts have found that taking the two provisions together, it is not "unambiguously clear that the Dodd–Frank Act's retaliation provision only applies to those individuals who have provided information relating to a securities violation to the Commission," and therefore have deferred to the SEC's interpretation of the statute extending a private right of action to those who report only internally. *Kramer v. Trans–Lux Corp.*, No. 3:11 Civ. 1424, 2012 WL 4444820, at *4 (D. Conn. Sept. 25, 2012).

This Court respectfully disagrees with the Report and the district court decisions relied upon by the Report. Instead, the Court adopts the view of the Fifth Circuit in *Asadi v. G.E. Energy (USA), L.L.C.*, 720 F.3d 620 (5th Cir. 2013). In *Asadi*, the Fifth Circuit held that "the plain language of the Dodd-Frank whistleblower-protection provision creates a private cause of action only for individuals who provide information relating to a violation of the securities laws to the SEC." *Id.* at 623. The Court finds the reasoning of the Fifth Circuit in arriving at this conclusion persuasive.

The Fifth Circuit's decision rests on fundamental principles of statutory construction. The *Asadi* court reminds us that a statute must be construed so that "no clause, sentence, or word shall be superfluous, void, or insignificant." *Id.* at 622 (quoting *Duncan v. Walker*, 533 U.S. 167, 174 (2001)). In addition, if possible, the provisions of a statute should be read in a way that renders them "compatible, not contradictory . . . ." *Id.* (citing *FDA v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 133 (2000)). Applying those basic principles, the *Asadi* court concluded that there was a

way to read Sections 78u-6(a) and 78u-6(h)(1)(A)(iii) harmoniously: the definition in Section 78u-6(a) describes "*who* is protected," while Section 78u-6(h)(1)(A)(iii) describes "*what actions*" by such an individual are protected. *Asadi*, 720 F.3d at 624-626 (emphasis added). Thus, the *Asadi* court reasoned, it was possible to give effect to the third category of protected activity even when one construed that category to apply only to "whistleblowers" as defined in Section 78u-6(a). *Id.* at 627-28. The Fifth Circuit explained how with a hypothetical: if an employee reports a securities law violation internally and to the Commission on the same day, and is then fired by the CEO, who is not yet aware of the disclosure to the Commission, the employee would be protected against retaliation under the third category of subsection (h) (and indeed, only under that category). *Id.*

The Fifth Circuit further explained that the two provisions of the Act were only contradictory if one read the "three categories of protected activity" under Section 78u-6(h)(1)(A)(iii) as additional definitions of what constitutes a "whistleblower." However, the *Asadi* court concluded, this reading was unsupported by the plain text of the statute—"the placement of the three categories of protected activity in subsection (h) follows the phrase '[n]o employer may discharge . . . or in any other manner discriminate against, a *whistleblower* . . . because of any lawful act done by the *whistleblower* . . . .'" *Id.* at 626 (quoting Section 78u-6(h)(1)(A)) (emphasis in original). Indeed, the title of subsection (h) is "Protection of Whistleblowers." 15 U.S.C. § 78u-6(h).

The Court agrees with the Fifth Circuit in *Asadi*. That decision relies on the text of the statute and applies traditional canons of statutory construction to understand the statute's meaning. The Fifth Circuit identified a harmonious interpretation of the statute that eliminates the purported contradiction in the Act that forms the basis of other district courts' determination that the statute is ambiguous, despite the plain language of the definition of the term "whistleblower." In this Court's view, the approach of the Fifth Circuit is more appropriate than the judicial creation of a "narrow exception" to an unambiguous text. Adopting the reasoning of the Fifth Circuit, this Court holds

7

that the plain meaning of the Dodd-Frank whistleblower-protection provision creates a private cause of action only for individuals who provide information relating to a violation of the securities laws to the Commission.

The Court does not question the value or importance of protecting whistleblowers from retaliation. This interpretation of the Act does not leave people who inform their employers of possible securities violations without a remedy if their employer retaliates against them. The Sarbanes-Oxley Act of 2002 provides protection for such individuals, subject to the requirement that they first file a complaint with the Department of Labor before bringing a private right of action. 18 U.S.C. § 1514A(b)(1). Thus, what plaintiff asks for here is not access to legal protection from retaliation for disclosing information to his employers—Sarbanes-Oxley already provides that. Rather, he asks for the right to file a private lawsuit without the need to first contact a government agency.

The Court notes that it appears to be the exception, not the rule, for Congress to grant an individual a private right of action to sue for damages arising from retaliation without requiring that individual to make contact with a federal agency first. *See* Jon O. Shimabukuro et al., Cong. Research Serv., R43045, *Survey of Federal Whistleblower and Anti-Retaliation Laws* (2013), *available at* http://www.fas.org/sgp/crs/misc/R43045.pdf (providing an overview of federal whistleblower and anti-retaliation laws, including whether the law provides a private right of action and the requirements for bringing such an action). Indeed, Congress required governmental reporting in the two other whistleblower laws that it passed alongside Section 78u-6. In Section 748 of Dodd-Frank, which amended the Commodity Exchange Act ("CEA") to add a new Section 23 prohibiting employers from retaliating against employees for reporting violations of the CEA, Congress extended anti-retaliation protection only to those individuals who had reported such violations to the Commodity Futures Trading Commission ("CFTC") or assisted in an investigation or judicial or

administrative action of the CFTC based upon such information. 7 U.S.C. § 26. And in Section 1057 of Dodd-Frank, which prohibits employers from retaliating against an employee for providing information about a violation of Title X of Dodd-Frank or any other provision of law subject to the jurisdiction of the Bureau of Consumer Financial Protection, an employee must first file a complaint with the Secretary of Labor and exhaust an administrative process before bringing a private action in district court. 12 U.S.C. § 5567(c).

Against this backdrop, plaintiff's proposed interpretation of the Act—allowing a private right of action without first requiring contact with a government agency—seems even more extraordinary. Since plaintiff is asking for a significant expansion of the class of individuals eligible to bring a private right of action under the Act, his proposed interpretation commands caution by the Court. It is well-established that courts should be extremely reluctant to extend a private right of action in such a manner in the absence of clear intent by Congress. *See Bellikoff v. Eaton Vance Corp.*, 481 F.3d 110, 116 (2d Cir. 2007) (quoting *Touche Ross & Co. v. Redington,* 442 U.S. 560, 571 (1979)). That is the effect of plaintiff's proposed interpretation of the Act. The Court believes that the judicial creation of a "narrow exception" to a clear statutory definition is particularly problematic when its effect is to create an expanded category of private litigation. By adopting the Fifth Circuit's interpretation of the Act in *Asadi*, the Court avoids this pitfall.

### C. Defendants' Objections to Section III(B) of the Report

Defendants also object to the portion of the Report which recommended granting plaintiff leave to amend his retaliation claim (Section III(B)). Objection at 9-14. The Court is dismissing plaintiff's retaliation claims because he is not a "whistleblower" within the meaning of the Act. Therefore, the Court does not reach those objections. The Court declines to adopt Section III(B) of the Report.

**D.      No Plain Error in Section IV of the Report**

None of the parties have objected to Section IV of the Report, which recommended that plaintiff's claims for breach of express and implied employment contracts be dismissed.  Therefore, the Court reviews that section of the Report for clear error.  Careful review of that portion of the Report reveals no clear error.  Therefore, the Court adopts that portion of the Report in its entirety.

## III.     CONCLUSION

For the foregoing reasons, the Court adopts the Report with respect to the breach of express and implied contracts claims (Section IV), and declines to adopt the Report with respect to the anti-retaliation claims (Section III).  Instead, the Court grants defendants' motion to dismiss the anti-retaliation claims for failure to state a claim under Rule 12(b)(6) on the grounds that plaintiff has not adequately alleged that he is a "whistleblower" within the meaning of Dodd-Frank and that, therefore, he cannot avail himself of the Act's anti-retaliation protections.

The Clerk of Court is respectfully requested to terminate the motion pending at docket number 10 and to close this case.

SO ORDERED.

Dated: December 4, 2014  
New York, New York

                                        GREGORY H. WOODS  
                                         United States District Judge