```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/8/2014
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

DANIEL BERMAN

                Plaintiff,                           14 **CIVIL** 523 (GHW) (SN)

-against-                                     **JUDGMENT**

NEO@OGILVY LLC and
WPP GROUP USA INC.,

                Defendants.
-----------------------------------------------------------X

Plaintiff having filed this action on January 28, 2014, claiming that his employer's actions in response to his reporting violated the whistleblower protection provisions of the Act, he also asserted that defendants breached express and implied employment contracts; Defendants having moved to dismiss all of plaintiff's claims under Rule 12(b)(6) of the Fed. R. Civ. P., Judge Kaplan having referred the motion to dismiss to Magistrate Judge Sarah Netburn, and on August 15, 2014, the Honorable Sarah Netburn, United States Magistrate Judge, having issued a Report and Recommendation (the "Report") accepting plaintiff's contention that he qualifies as a whistleblower who can benefit from the anti-retaliation provisions of the Act, report at 15, nonetheless, the Report recommending that defendants' motion to dismiss be granted because plaintiff did not adequately allege that he reasonably believed that he was reporting violations of the law. Id. at 21-22, the Report also recommending that dismissal of plaintiff's breach of express and implied employment contract allegations for failure to state a claim. Id. at 24., however, Judge Netburn, recommending that plaintiff be granted leave to amend the retaliation claim in his complaint, Defendants having filed a timely objection to the Report, Defendants' Objections ("Objection"), among other arguments, they having objected to Section III(A) of the Report, which concluded that plaintiff qualified as a "Whislteblower" under the Act despite the fact that he did not report any information to the Commission prior to the alleged retaliatory acts. Id. at 15., Defendants having argued that this

element if the report ignored the plain language of the Act, they urged that, rather than adopting the reasoning of the Report, the Court should adopt the holding of the only court of appeal to consider this question — the Fifth Circuit's decision in Asadi v. G.E. Energy (USA), L.L.C., 720 F. 3d 620 (5th Cir. 2013), and the matter having come before the Honorable Gregory H. Woods, United States District Judge, to whom this case was reassigned, and the Court, on December 4, 2014, having rendered its Opinion and Order adopting the Report with respect to the breach of express and implied contracts claims (Section IV) and declining to adopt the Report with respect to the anti-retaliation claims (Section III), instead, the Court granting defendants' motion to dismiss the anti-retaliation claims for failure to state a claim under Rule 12(b)(6) on the grounds that plaintiff has not adequately alleged that he is a "whistleblower" within the meaning of Dodd-Frank and that, therefore, he cannot avail himself of the Act's anti-retaliation pretections, and directing the Clerk of Court to close this case, it is,

**ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Opinion and Order dated December 4, 2014, the Report is adopted with respect to the breach of express and implied contracts claims (Section IV), and declined to adopt the Report with respect to the anti-retaliation claims (Section III), instead, defendants' motion to dismiss the anti-retaliation claims for failure to state a claims under Rule 12 (C)(6) on the grounds that plaintiff has not adequately alleged that he is a "whistleblower" within the meaning of Dodd-Frank and that, therefore, he cannot avail himself of the Act's anti-retaliation protection is granted; accordingly, the case is closed.

**Dated:** New York, New York
December 8, 2014

RUBY J. KRAJICK

BY: _____
Clerk of Court

_____
Deputy Clerk

**THIS DOCUMENT WAS ENTERED ON THE DOCKET ON** _____