```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
DANIEL BERMAN,                                               :
                                                             :
                              Plaintiff,                     :      1:14-cv-523-GHW-SN
                                                             :
               -v -                                          :      OPINION AND ORDER
                                                             :
NEO@OGILVY LLC and                                           :
WPP GROUP USA INC.                                           :
                                                             :
                              Defendants.                    :
                                                             :
------------------------------------------------------------ X
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/22/16
```

GREGORY H. WOODS, District Judge:

I.   **BACKGROUND**

Judge Sarah Netburn issued a Report and Recommendation to the Court regarding the defendants' motion to dismiss on August 15, 2014 (the "Report"). Dkt. No. 25. The defendants filed a timely objection to the Report. Defendants' Objection ("Objection"), Dkt. No. 28. Among other arguments, they objected to Section III(A) of the Report, which concluded that the plaintiff qualified as a "whistleblower" under the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010 (the "Act"). *Id.* at 15-16. The Court agreed with the defendants' arguments, and, as a result, on December 5, 2014 dismissed the plaintiff's claims under the Act. Dkt. No. 34. The plaintiff successfully appealed the Court's decision. The Second Circuit issued its decision reversing and remanding the Court's order on September 10, 2015. Dkt. No. 38. The court of appeals issued its mandate on January 13, 2016. Dkt. No. 39.

In Part III(B) of the Report, Judge Netburn recommended that the plaintiff's claims under the Act be dismissed on a different basis than that adopted by the Court—namely, because the plaintiff failed to adequately allege that he had a reasonable belief that the violations that he had reported to his employer were violations of federal securities laws. The Report recommended that

the plaintiff be granted leave to amend the complaint to cure the deficiencies identified by Judge Netburn. The Court did not evaluate Part III(B) of the Report in its prior decision; it does so now.

## II.   DISCUSSION

### A.   Standard of Review

In reviewing a Report and Recommendation, a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). To trigger de novo review, a party's objections to the report must be "specific and clearly aimed at particular findings" in the report. *Molefe v. KIM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009) (citation omitted). To accept those portions of the report to which no objection has been made, or where a "party makes only conclusory or general objections, or simply reiterates his original arguments," a district court reviews the report "only for clear error." *Silva v. Peninsula Hotel,* 509 F. Supp. 2d 364, 366 (S.D.N.Y. 2007) (internal citation and quotations omitted). After conducting the appropriate review, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### B.   Parties' Objections to Section III(B) of the Report

Neither party objects to the substantive analysis contained in Section III(B) of the Report. The defendants object only to the portion of the Report that recommended granting plaintiff leave to amend his retaliation claim. Objection at 9-14. The Court reviews the Report's recommendation that the plaintiff be granted leave to amend de novo, mindful of the "liberal spirit of Rule 15." *Williams v. Citigroup Inc.*, 659 F.3d 208, 214 (2d Cir. 2011). Because the Court cannot conclude that granting leave to amend the complaint would be futile, the Court adopts the Report's recommendation that the plaintiff be granted leave to replead. *See Loreley Financing (Jersey) No. 3 Ltd. v. Wells Fargo Securities, LLC*, 797 F.3d 160, 191 (2d Cir. 2015). The Court reviews the remaining

substantive analysis contained in Section III(B) of the Report—as to which no objection was asserted by either party—for clear error. Careful review of that portion of the Report reveals no clear error.

## III. CONCLUSION

For the foregoing reasons, the Court adopts Part III(B) of the Report in its entirety. Accordingly, the plaintiff's claims under the Act are dismissed. The plaintiff may, however, amend his complaint to cure the deficiencies identified in the Report with respect to his claims under the Act. Any such amended complaint must be filed no later than March 28, 2016.

SO ORDERED.

Dated: February 22, 2016
New York, New York

_____
GREGORY H. WOODS
United States District Judge